UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

POONAM KESWANI,

Plaintiff,

-against-

SKYFI CAPITAL PARTNERS INC., *et al.*,

Defendants.

25-CV-7108 (DEH) (BCM)

**MEMORANDUM AND OPINION**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: ____________
DATE FILED: 9/10/26

**BARBARA MOSES, United States Magistrate Judge.**

Now before the Court are two motions, made pursuant to Fed. R. Civ. P. 55(c), to vacate certificates of default previously issued in this action by the Clerk of Court. For the reasons that follow, both motions will be granted, and the defaults will be set aside.

## Background

On December 2, 2024, nonparty Gia Treasures, LLC (Gia), owned by plaintiff Poonam Keswani, agreed to sell $145,000 in future receipts to defendant SkyFi Capital Partners, Inc. (SkyFi), for a purchase price of $100,000. *See* Compl. (Dkt. 1) ¶ 19 & Ex. A (Dkt. 1 at ECF pp. 17-25). Plaintiff signed the contract on behalf of Gia and personally guaranteed Gia's performance. *See* Compl. Ex. A (Dkt. 1 at ECF pp. 17-18, 26-28). On June 25, 2025, SkyFi sued Gia and Keswani in New York Supreme Court, Monroe County, alleging that Gia breached the purchase agreement and that plaintiff breached her guaranty. *See* Compl. Ex. B (Dkt. 1 at ECF pp. 34-38). On August 6, 2025, SkyFi obtained a default judgment (the Monroe County Judgment) against Gia and plaintiff in the amount of $143,785.42, *see* Compl. Ex C (Dkt. 1 at ECF pp. 40-41), after which it attempted to collect that judgment from Gia's accounts at defendant JP Morgan Chase Bank, N.A. (Chase).

Keswani made no effort to vacate the Monroe County Judgment. Instead, she filed this pro se action on August 27, 2025, in her own name, asserting a variety of federal and state claims

against seven defendants: SkyFi; Katherine Kim, SkyFi's controller, who verified its state court complaint; Seth Butress, described by plaintiff as the SkyFi "financier" who induced her to enter into the future receipts transaction; Chase; Steven Zakharyayev, Esq., who signed the state court complaint; the Law Offices of Steven Zakharyayev, PLLC (Zakharyayev PLLC); and Jamie Romeo, the Monroe County Clerk. *See* Compl. ¶¶ 5-11.

On October 24, 2025, Chase filed a motion to dismiss all of plaintiff's claims against it pursuant to Fed. R. Civ. P. 12(b)(6) and 12(b)(1). *See* Dkt. 30. On November 26, 2025, SkyFi, Kim, and Butress (collectively, the SkyFi Defendants) filed a motion to dismiss all of plaintiff's claims against them pursuant to Fed. R. Civ. P. 12(b)(6). *See* Dkt. 54.

On November 12, 2025, plaintiff requested a certificate of default against Zakharyayev, attesting that he was served with process on September 3, 2025, by delivery of the summons and complaint to Joanne Aiella, "as [r]eceptionist," at the offices of Zakharyayev PLLC. *See* Dkts. 20, 49-50. On November 13, 2025, in accordance with Fed. R. Civ. P. 55(a), the Clerk issued the requested certificate. *See* Dkt. 53. On November 26, 2025, plaintiff requested certificates of default against Zakharyayev PLLC and Romeo, *see* Dkts. 57-60, attesting that Zakharyayev PLLC was served with process on September 3, 2025, by delivery of the summons and complaint to Aiella, *see* Dkts. 21, 57-58, and that Romeo was served on September 4, 2024, by delivery of the summons and complaint to Yolanda Davidson, "as Clerk," at the Monroe County Office Building in Rochester, New York. *See* Dkts. 19, 59-60. On December 1, 2025, in accordance with Rule 55(a), the Clerk issued the requested certificates as to Zakharyayev PLLC and Romeo. Dkts. 65-66.

On January 2, 2026, Zakharyayev and Zakharyayev PLLC (collectively, the Zakharyayev Defendants) appeared through counsel and filed a motion to vacate the certificates of default against them, *see* Dkt. 69, supported by a memorandum of law (Zakharyayev Mem.) (Dkt. 70) and

the declaration of Steven Zakharyayev (Zakharyayev Decl.) (Dkt. 71). The Zakharyayev Defendants argue that they were not properly served with process, *see* Zakharyayev Mem. at 4-8; that plaintiff would not be prejudiced by the vacatur of the certificates of default, *see id*. at 8-10; and that they have meritorious defenses to plaintiff's claims. *See id*. at 10-17. On January 7, 2026, plaintiff filed an affidavit in opposition to the Zakharyayev Defendants' vacatur motion, in which she does not address the substance of any of their arguments, but urges the Court to deny their motion because they "have offered nothing but contumacious attorney argument." Pl. Opp. (Dkt. 75) ¶ 7. The Zakharyayev Defendants did not file any reply papers.

Meanwhile, on December 26, 2025, County Clerk Romeo appeared through counsel, *see* Dkt. 68, and on February 20, 2026, Romeo filed a motion to vacate the certificate of default against her, *see* Dkt. 80, supported by the declaration of Deputy County Attorney Alissa M. Brennan (Brennan Decl.) (Dkt. 80-1) and a memorandum of law (Romeo Mem.) (Dkt. 80-4). Romeo argues that she was not properly served with process, *see* Romeo Mem. at 3-4; that plaintiff would not be prejudiced by the vacatur of the certificate of default, *see id*. at 5; and that Romeo has meritorious defenses to plaintiff's claims. *See id*. at 6. Plaintiff did not file any papers in opposition to Romeo's motion.

On September 8, 2026, the undersigned Magistrate Judge issued a Report and Recommendation (R&R) (Dkt. 84) concluding that the motions to dismiss filed by the SkyFi Defendants and Chase should be granted. *See* R&R at 31-32. No discovery – by any party – has taken place.

## Legal Standards

Pursuant to Rule 55(c), the Court "may set aside an entry of default for good cause." Ineffective service of process, standing alone, "satisfies the 'good cause' requirement of Rule 55(c),

warranting vacatur of an entry of default." *Wilson v. WalMart Store, Inc.*, 2016 WL 11481723, at *4 (E.D.N.Y. Aug. 22, 2016), *adopted*, 2016 WL 5338543 (E.D.N.Y. Sept. 23, 2016); *accord Crawford v. US Sec. Assocs.*, 2020 WL 61171, at *4 (S.D.N.Y. Jan. 6, 2020) (collecting cases). This is so because, in the absence of effective service of process, the court lacks personal jurisdiction over the defendant and cannot enter a judgment against him. *See Ray v. Choueka*, 683 F. Supp. 3d 427, 430 (S.D.N.Y. 2023) (An entry of default "obtained by way of defective service is void *ab initio* and must be set aside as a matter of law.") (quoting *Voice Tele Servs., Inc. v. Zee Telecoms Ltd.*, 338 F.R.D. 200, 202 (S.D.N.Y. 2021)). However, on a motion to vacate a default, "where the defaulting defendant had actual notice of the original proceeding but delayed in bringing the motion, the defendant bears the burden of proof to establish that the purported service did not occur." *Burda Media, Inc. v. Viertel*, 417 F.3d 292, 299 (2d Cir. 2005).

Assuming adequate service of process, district courts in our Circuit apply a three-part test to determine whether there is good cause to vacate the default: "(1) whether the default was willful; (2) whether setting aside the default would prejudice the adversary; and (3) whether a meritorious defense is presented." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 96 (2d Cir. 1993); *accord Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 186 (2d Cir. 2015) (per curiam). This standard is applied "more rigorously" where a default judgment has already been entered pursuant to Fed. R. Civ. P. 55(b), *Enron Oil*, 10 F.3d at 96, and less rigorously where, as here, certificates of default have been issued under Rule 55(a), but "no judgment has yet been entered." *Hubbuch v. Mullooly, Jeffrey, Rooney & Flynn LLP*, 2025 WL 2592155, at *4 (S.D.N.Y. Sept. 8, 2025). Our Circuit has, "on numerous occasions," expressed "its preference that litigation disputes be resolved on the merits, not by default." *Cody v. Mello*, 59 F.3d 13, 15 (2d Cir. 1995) (collecting cases). Thus, "when doubt exists

as to whether a default should be granted or vacated, the doubt should be resolved in favor of the defaulting party." *Enron Oil*, 10 F.3d at 96; *accord New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).[1]

**Analysis**

In this case, all three moving defendants argue that they were not adequately served with process. However, Zakharyayev (the principal of Zakharyayev PLLC) does not deny receiving the summons and complaint when those documents were delivered to the firm's receptionist, Joanne Aiella, on September 3, 2025. Instead, he attests in conclusory terms that Aiella did not fall into any of the categories of persons who may be served on behalf of a limited liability company, *see* Zakharyayev Decl. ¶ 8, and on that basis argues that the firm was not adequately served in accordance with Fed. R. Civ. P. 4(h) or N.Y.C.P.L.R. (CPLR) § 311-a. Zakharyayev Mem. at 4-6. Zakharyayev further attests that he never received a second copy of the summons and complaint by mail, Zakharyayev Decl. ¶ 9, and on that basis argues that he was not adequately served in accordance with Fed. R. Civ. P. 4(e) and CPLR § 308(2). *See* Zakharyayev Mem. at 6-7.

As for Romeo, she relies on the declaration of Deputy County Attorney Brennan, who attests that Romeo "did not receive a copy of said Summons and Complaint by and through 'Yolanda Davidson as Clerk.'" Brennan Decl. ¶ 8. Brennan apparently bases this statement (which cannot have been made on personal knowledge) on the asserted fact that "Monroe County Human Resources has confirmed that 'Yolanda Davidson' was not a Monroe County employee and did not work in the Monroe County Clerk's Office." *Id.* ¶ 9. These assertions leave open numerous

---

[1] "A motion to set aside an entry of default is subject to disposition by a magistrate judge under 28 U.S.C. § 636(b)(1)(A)." *Johnson v. New York Univ.*, 324 F.R.D. 65, 67 n.2 (S.D.N.Y. 2018) (quoting *Sea Hope Navigation Inc. v. Novel Commodities SA*, 978 F. Supp. 2d 333, 335 n.1 (S.D.N.Y. 2013)), *aff'd*, 800 F. App'x 18 (2d Cir. 2020); *accord Li v. Fleet New York Metro. Reg'l Center LLC*, 2022 WL 1666963, at *2 n.2 (E.D.N.Y. May 25, 2022) (collecting cases).

possibilities, including that the summons and complaint were delivered to a clerk in the Monroe County Clerk's Office whose name was not Yolanda Davidson. Rather than tarry on the question of service, therefore, I proceed to the *Enron Oil* factors, and conclude that even if all three defaulted defendants were properly served, the defaults should be set aside.

The Second Circuit has found that a defendant's prompt application for an order setting aside an entry of default suggests that the default was not willful. *See Enron Oil*, 10 F.3d at 98 (defendant who "promptly applied for a motion to set aside the entry" of default "did not willfully default"). Here, the Zakharyayev Defendants moved relatively promptly to set aside the certificates of default issued against them,[2] and all three defaulted defendants moved without waiting for plaintiff to seek (or obtain) a default judgment under Rule 55(b). This "suggests that they did not act willfully in defaulting, but rather fully intended on defending themselves in this suit" if and when properly served. *Peak v. Maraj-Petty*, 2025 WL 3168743, at *2 (S.D.N.Y. Nov. 13, 2025); *see also Ghost in the Mach. Inc. v. Planned Parenthood Fed'n of Am., Inc.*, 2026 WL 1383365, at *4 (S.D.N.Y. May 18, 2026) ("Snake Nation's prompt response after becoming aware of PPG's attempt to seek default against it suggests that Snake Nation did not act willfully in defaulting[.]"); *cf. Guthrie v. Rainbow Fencing Inc.*, 349 F.R.D. 55, 68 (E.D.N.Y. 2025) ("The near two-year gap between when Defendants became aware of the action and when they moved to vacate the default judgment demonstrates willfulness."). Moreover, there is no evidence that either the Zakharyayev Defendants or Romeo "default[ed] for strategic reasons or in order to gain some tactical advantage," *Bank of New York v. Meridien Biao Bank Tanzania Ltd.*, 1998 WL 417510, at *2

[2] The Zakharyayev Defendants filed their motion to vacate on January 2, 2026, one month after the certificate of default was issued against Zakharyayev PLLC on December 1, 2025. However, Romeo did not file her motion to vacate until February 20, 2026, which was two and a half months after the certificate of default was issued against her on December 1, 2025, and almost two months after Romeo appeared through counsel in this action on December 26, 2025.

(S.D.N.Y. July 24, 1998) (Sotomayor, J.), much less that any tactical advantage was gained. I therefore cannot find that Zakharyayev, Zakharyayev PLLC, or Romeo defaulted willfully.

Nor is there any evidence that plaintiff would be prejudiced by an order vacating the defaults. "[D]elay standing alone does not establish prejudice." *Enron Oil,* 10 F.3d at 98. "For delay to constitute prejudice, it must 'result in the loss of evidence, create increased difficulties for discovery, or provide a greater opportunity for fraud and collusion.'" *Bank of New York*, 1998 WL 417510, at *2 (quoting *Davis v. Musler,* 713 F.2d 907, 916 (2d Cir. 1983)). Here, plaintiff has made no showing that any delays attributable to the defaulted defendants have resulted, or will result, in any of these harms. As noted above, all of the non-defaulted defendants moved to dismiss the Complaint pursuant to Rules 12(b)(1) and (b)(6), and no discovery has taken place.

I note as well that the pending motions to dismiss are made on grounds that overlap substantially with the defenses available to the defaulted defendants, such that if those motions are granted, plaintiff's case against the defaulted defendants will be significantly narrowed. *See* R&R at 23 (recommending that Counts 1, 2 and 3 of plaintiff's Complaint brought under the Fair Debt Collections Practices Act (FDCPA) be dismissed entirely, including as to the defaulted defendants, because "plaintiff's failure to identify any 'consumer debt' within the reach of the FDCPA is fatal to her FDCPA claims against all defendants"). Under these circumstances, "no prejudice will attend the plaintiff from vacating the default." *Brady v. Associated Press Telecom*, 2016 WL 6561411, at *3 (S.D.N.Y. Oct. 4, 2016) (vacating entry of default where motions to dismiss by the non-defaulted defendants were pending, and the defaulted defendant "contends [that] its motion to dismiss would be premised on substantially the same arguments already made").

Finally, it is clear that the defaulted defendants have meritorious defenses, including (for example) that the claims against them are barred at least in part by the *Rooker-Feldman* doctrine,

*see* R&R at 17-19; that Counts 1, 2 and 3 of plaintiff's Complaint fail to state any FDCPA claim, *see id*. at 20-24; and that Count 5 of plaintiff's Complaint, brought under 42 U.S.C. § 1983, fails to state a claim against Romeo because she is immune from suit, *see* R&R at 25 n.26, and fails to state a claim against the Zakharyayev Defendants because they are neither "state actors" nor alleged to have conspired with any state actor. *See id*. at 25-26. For purposes of a motion to vacate a default, "[t]he test of such a defense is measured not by whether there is a likelihood that it will carry the day, but whether the evidence submitted, if proven at trial, would constitute a complete defense." *Enron Oil*, 10 F.3d at 98; *see also Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996) ("To satisfy the criterion of a 'meritorious defense,' the defense need not be ultimately persuasive at this stage."). The defaulted defendants' potential defenses more than satisfy this standard.

## Conclusion

For the reasons stated above, the vacatur motions filed by the Zakharyayev Defendants (Dkt. 69) and by defendant Romeo (Dkt. 80) are GRANTED. The entries of default against Zakharyayev (Dkt. 53), Zakharyayev PLLC (Dkt. 65) and Romeo (Dkt. 66) are VACATED. These defendants must answer or otherwise respond to the Complaint within **thirty days** after the District Judge has ruled on the non-defaulted defendants' motions to dismiss.

Dated: New York, New York
September 10, 2026

**SO ORDERED.**

**BARBARA MOSES**
**United States Magistrate Judge**